UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
WILDE PINEIRO,
Individually and on behalf of a class,

                                         Plaintiff,                          16-cv-12

                      - against -

NORTHLAND GROUP, INC.,

                                       Defendant.
-------------------------------------------------------------X

## COMPLAINT – CLASS ACTION

### INTRODUCTION

1. Plaintiff brings this action to secure redress against unlawful credit and collection practices engaged by defendant Northland Group, Inc. Plaintiff alleges violation of the Fair Debt Collections Practices Act, 15 U.S.C. §1692 *et seq.* ("FDCPA"). The FDCPA broadly prohibits unfair or unconscionable collection methods; conduct which harasses, oppresses or abuses any debtor; and any false, deceptive or misleading statements, in connection with the collection of a debt; it also requires debt collectors to give certain information. 15 U.S.C. §§1692d, 1692e, 1692f, and 1692g.

### JURISDICTION AND VENUE

2. This Court has jurisdiction under 28 U.S.C. §§1331, 1337, and 15 U.S.C. §1692k (FDCPA).

3. Venue and personal jurisdiction over defendant in this District is proper because defendant's collection activities impacted plaintiff here and because defendant transacts business in this District.

## PARTIES

4. Plaintiff, Wilde Pineiro, is an individual resident of the State of New York, residing in the County of Kings. Plaintiff is a "Consumer" as that term is defined by 15 U.S.C. §1692a(3) of the FDCPA in that the alleged debt that the defendant sought to collect from Plaintiff is a consumer debt.

5. Defendant, Northland is a Minnesota Foreign Business Corporation doing business in New York with a principal place of business located at 7831 Glenroy Road, Edina, MN 55439. Defendant is regularly engaged in the collection of debts allegedly owed by consumers. Defendant is a "Debt Collector" as that term is defined by 15 U.S.C. §1692a(6) of the FDCPA.

## FACTS

6. On or about November 3, 2015, Plaintiff was mailed the collection letter attached as Exhibit A. Plaintiff received it in the ordinary course of mail.

7. Exhibit A sought to collect a debt incurred for personal, family or household use and not for business purposes.

8. Exhibit A is, on information and belief, a form letter.

9. Exhibit A fails to state the amount of the debt within the meaning of 15 U.S.C. §1692g(a)(1), by stating, "As of the date of this letter, the balance due on the account is $6,268.31. Please note that no additional interest is being added to this account. However, because of other adjustments that may vary from day to day, the amount due on this account may be different after the date of this letter." See Weiss v. Zwicker & Associates, P.C., (EDNY, 08-cv-3041 (ADS-WDW).

10. Defendant's language attempts to comply with the safe harbor language prescribed in *Miller v. McCalla, Rayner, Padrick, Cobb, Nichols, and Clark, LLC*, 214 F.3d 872 (7th Cir. 2000). The *Miller* language is as follows:

> As of the date of this letter, you owe $       [the exact amount due]. Because of interest, late charges, and other charges that may vary from day to day, the amount due on the day you pay may be greater. Hence, if you pay the amount shown above, an adjustment may be necessary after we receive your check, in which event we will inform you before depositing the check for collection.

11. The Miller language is specifically applicable to cases in which the debt amount was increasing due to interest and which "may vary from day to day." Although it also mentions late charges (which may vary from month to month) and other charges, the only charge that varies from day to day is interest.

12. Defendant's Exhibit A provides an itemization of the debt since the charge-off date of May 14, 2013. The debt, as of the date of Defendant's collection letter includes:

Accrued Interest Since Charge-Off: $454.42
Total Amount of Non-interest Fees Since Charge-Off: $0.00
Total Amount of Other Credits Since Charge-Off: $0.00
Total Amount of Debts Since Charge-Off: $0.00

13. On or about December 7, 2015, Plaintiff was mailed the collection letter attached as Exhibit B. Plaintiff received it in the ordinary course of mail.

14. Exhibit B sought to collect on the same debt as Exhibit A. Although Exhibit B is dated 34 days after Exhibit A, the amount sought in Exhibit B is identical to the amount sought in Exhibit A. No other adjustments were made, the amount did not vary from day to day, and the amount due was not different.

15. Defendant's statement is materially false, deceptive and misleading in that it falsely suggests to consumers that the amount of the debt will increase daily due to an undisclosed amount of "other adjustment."

16. Defendant's statement is materially false and misleading in that it states that the consumer will owe an additional undisclosed sum of money after payment is tendered to Defendant.

17. Upon information and belief, at no time does the Defendant contact consumers to collect any additional other adjustment if the consumer pays the balance due in full demanded in Defendant's collection letters.

18. The collection letter caused Plaintiff uncertainty and forced Plaintiff to guess how much money is allegedly owed Defendant, how much additional money would be owed if the amount demanded is paid and when Defendant's collection efforts would actually stop if the entire payment demanded was remitted.

19. The collection letter causes the least sophisticated consumer uncertainty and forces him or her to guess how much money is allegedly owed, how much money would accrue daily, how much money would be owed of the amount initially demanded was paid and if or when collection efforts would end if the entire payment demanded was remitted.

20. The sole purpose of the Defendant's statement was to coerce the Plaintiff into paying immediately.

21. Defendant's materially false statements caused Plaintiff confusion about the exact amount of money allegedly owed.

22. As a result of defendant's abusive, deceptive and unfair debt collection practices, plaintiff has been damaged.

## VIOLATIONS ALLEGED

## COUNT I – VIOLATION OF THE FDCPA (failing to state amount of claim)

23. Exhibit A violates 15 U.S.C. §§1692e, 1692e(3), 1692e(5), 1692e(10), 1692g, and 1692g(a)(1) by failing to state the amount of the debt which is due and owing, by implying that payment soon rather than later will be more economic and by employing false, deceptive and misleading representations in connection with the collection of a debt.

24. Section 1692e provides:

§1692e.   **False or misleading representations [Section 807 of P.L.]**

**A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: . . .**

**(10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer . . .**

Section 1692g:

1692g(a)(1)   **The amount of the debt.**

25. As a result of defendant's violation of the FDCPA, plaintiff has been damaged and is entitled to statutory damages, actual damages, costs and attorney fees.

## CLASS ALLEGATIONS

26. Pursuant to Fed.R.Civ.P. 23(a), plaintiff brings this claim on behalf of a class.

27. The class consists of (a) all natural persons (b) who were sent a letter as Exhibit A (c) seeking to collect a debt (d) on or after a date one year prior to the filing of this action and ending 20 days after the filing of this action.

28. The class is so numerous that joinder is impracticable.

29. On information and belief, there are more than 50 natural persons who were sent a letter similar to Exhibit A on or after a date one year prior to the filing of this action and ending 20 days after the filing of this action.

30. There are questions of law and fact common to the members of the class, which common questions predominate over any questions that affect only individual class members. The predominant common questions are:

      a. whether the debt collector sent the consumer written notice containing the amount of the debt;

      b. Whether defendant overshadowed the thirty day validation notice by claiming that payment of the amount stated in the collection letter may not function as satisfaction of the purported debt; and

      c. Whether the letter violates the FDCPA.

31. Plaintiff's claims are typical of the claims of the class members. All are based on the same factual and legal theories.

32. Plaintiff will fairly and adequately represent the interests of the class members. Plaintiff has retained counsel experienced in consumer credit and debt collection abuse cases.

33. A class action is superior to other alternative methods of adjudicating this dispute. Individual cases are not economically feasible. The nature of the wrong depends on the deception of the consumer, so it is unlikely to be detected or remedied without a class action.

**WHEREFORE**, Plaintiff respectfully demands judgment in favor of Plaintiff and the class and against the Defendant as follows:

a)    Statutory damages;

b)  Attorney's fees, litigation expenses and costs of suit;

c)  Declaratory relief finding the collection letter violates the FDCPA; and

d)  For such other and further relief which this court deems just and proper.

Dated: New York, New York
       January 4, 2016

SHAKED LAW GOUP, P.C.
Attorneys for Plaintiff

By: _____
Dan Shaked (DS-3331)
44 Court St., Suite 1217
Brooklyn, NY 11201
Tel. (917) 373-9128
Fax (718) 704-7555
e-mail: ShakedLawGroup@Gmail.com

## JURY DEMAND

Plaintiff hereby demands trial by jury.

_____
Dan Shaked (DS-3331)