**SHAKED LAW GROUP, P.C.**
ATTORNEYS-AT-LAW
44 COURT STREET, SUITE 1217
BROOKLYN, NEW YORK 11201

---

TEL. (917) 373-9128
FAX (718) 504-7555
ShakedLawGroup@Gmail.com

September 13, 2016

Hon. Pamela K. Chen,
Judge, United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, N.Y. 11201

Re:   **Wilde Pineiro v. Northland Group, Inc.**
      **Case #16-CV-12-PKC-ST**

Dear Judge Chen,

The issue has arisen as to whether Your Honor should delay any movement in the above captioned matter pending the outcome of litigation currently pending before the United States Court of Appeal for the Second Circuit. The Plaintiff emphatically states and asserts that the outcome of *Strubel v. Comenity Bank*[1] will be of no moment to the instant matter and begs that Your Honor allow this matter to move forward. The issues in *Spokeo*, which were merely a clarification of the long existing state of the law, have no actual relevance to the issues in the instant matter and therefore there should be no delay forthcoming.

The Plaintiff asserts that for the clearest elucidation of the latter the Court need look no further that a case from Eastern District of New York, *Jackson v. Caribbean Cruise Line, Inc. et.al.*[2] In an Order entered on June 20, 2016, the court, in that matter before it, was emphatic that *Spokeo*[3] created absolutely no new law, and merely clarified the existing state of the law as it

---

[1] Docket No. 15-528

[2] 2:14-cv-02485-ADS-AKT

[3] *Spokeo, Inc. v. Robins*, 136 S.Ct. 1540 (2016).

regards the elements required for a plaintiff's Article III Standing when bringing a matter before the court. And, as a matter of both law and fact the Plaintiff in the instant matter has easily met the requisite standards.

> "The Court has reviewed Spokeo as it relates to this case and has determined that while Spokeo has further defined the contours of the 'particularization, and, concreteness, inquiry when engaging in an injury-in-fact analysis as related to standing, see Spokeo, at 1548-50, the Supreme Court did not carve out any new requirements in order for a litigant to establish Article III standing."[4]

Simply put, the status quo remains and there is absolutely no reason to delay or adjourn the instant matter, the Plaintiff clearly meets the standards elucidated to show that, and the *Spokeo* holding in no way alters that.

In another section of the matter cited above, that court would seem to have addressed the very issues at bar in the instant matter.

> "The 'injury-in-fact' element, one of the three prongs of the analysis, is met in that, based on the Defendant's behavior as elucidated in the Defendant's previous filings, the Defendant's cannot now make any plausible showing that this matter should move forward forthwith. 'To be sure, whether the Plaintiff can meet the threshold requirements of standing may be taken up in summary judgment. However, based upon previous Supreme Court precedent, this issue has always been a factor in this case. Thus, to the extent CCL seeks to probe the type and extent of Plaintiffs injuries in order to ascertain whether he has met Article III's standing requirement, CCL already had the opportunity to do so during plaintiffs deposition. Further, the complaint makes clear that Plaintiff was seeking actual damages. Therefore, CCL has been on notice since the service of the complaint that the issue of standing, and more particularly, the injury-in-fact requirement, were areas that potentially needed to be explored.'"[5]

The three elements that are required for the Plaintiff to move forward have been fully presented and briefed. "To establish injury in fact, a plaintiff must show that he or she suffered

---

[4] *Jackson v. Caribbean Cruise Line, Inc.*, 88 F. Supp. 3d 129 (E.D.N.Y. 2016, Supplemental Order)(CV 14-2485).

[5] *Id.*

an invasion of a legally protected interest that is concrete and particularized and actual or imminent, not conjectural or hypothetical."[6] The burden has been met and the Plaintiff is prepared to move forward. Any delay at this point would be just that, a delay, and would amount to a legal nullity; be of no moment whatsoever. Ergo, that matter would continue and ultimately be docketed.

Alternately, the Plaintiff is amenable to negotiating with the Defendant in an attempt to reach a settlement prior to the commencement of the court litigation phase of this process. The Second Circuit's median time period for deciding an issue is in excess of six months, the Plaintiff suggests that this time would be better spent with the parties seeking an amicable resolution of the issues, rather than wait for a decision that will, in all likelihood, not be germane to the issues at hand; particularly because the issue before the Second Circuit does not go to the factual basis asserted by the Plaintiff.

Respectfully,

Dan Shaked

cc: Concepcion A. Montoya (via ECF)
    Han Sheng Beh (via ECF)

---

[6] *Id.*